UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY MILES,
    *Plaintiff*,

v.

UNITED STATES OF AMERICA.
    *Defendant*.

Criminal No. ELH-13-0512

**MEMORANDUM**

Anthony Miles, who is now self-represented, has submitted correspondence that I have construed as a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (ECF 541, the "Petition").[1] He seeks relief under the Supreme Court's recent decision in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), claiming that one of his prior felony offenses should not have been considered "a crime of violent [sic]" and can "no longer be used for career offender enhancement." ECF 541 at 1. The government has filed a response in opposition to the Petition. *See* ECF 555 ("Opposition"). Mr. Miles has not replied.

No hearing is necessary to resolve the Petition. For the reasons set forth below, I shall deny the Petition.

**I. Background**

On September 24, 2013, an indictment was returned against defendant Anthony Miles and thirteen others, on various drug related charges. *See* ECF 1. Mr. Miles was charged in Count One with conspiracy to distribute and possess with intent to distribute 1 kilogram or more

---

[1] Miles has also filed a Motion for Appointment of Counsel. ECF 552. By letter of March 2, 2016, I wrote to Assistant Federal Public Defender Paresh Patel, enclosing Mr. Miles's request for a court-appointed attorney as to any *Johnson* issues. The government asserts that it was advised by the Federal Public Defender's Office that it will not represent Mr. Miles in this case. *See* ECF 555 at 1.

of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846.  He was also charged in Count Nine with distribution of heroin on or about August 4, 2013, in violation of 21 U.S.C. § 841(a)(1).  ECF 1 at 11.

On September 30, 2014, Miles entered a plea of guilty to Count One (ECF 351), pursuant to a Plea Agreement.  ECF 352.  Under the terms of the Plea Agreement, Miles was advised that the offense to which he pled guilty carried a maximum term of life imprisonment and a mandatory minimum term of ten years imprisonment.  *Id.* ¶ 3; *see* 21 U.S.C. § 841(b)(1)(A).  Moreover, the plea was entered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure (*id.* at ¶ 9) by which the parties stipulated to a sentence of 120 months.  *See also id.* ¶ 10.  That proposed sentence corresponded to the mandatory minimum term of imprisonment.

Paragraph 6 of the Plea Agreement set forth the parties' stipulations as to the sentencing guidelines.  In ¶ 6(a), the parties agreed that, as of that date, the defendant had a base offense level of 32, under § 2D1.1(4) of the Sentencing Guidelines, which was based on the quantity of at least one kilogram but less than three kilograms of heroin.  However, in ¶ 6(d) of the Plea Agreement, the parties anticipated the then impending changes to the Drug Quantity Table, which went into effect in November 2014; it was agreed that at sentencing the defendant would seek a two-level downward reduction based on the changes to the Sentencing Guidelines.  The parties further agreed that, if the Court granted that variance (which I did), defendant would not seek a sentencing reduction under 18 U.S.C. § 3582(c)(2) based on the retroactive application of the amendment to the Guidelines.  *Id.* at 4.

The parties made no agreement as to defendant's criminal history.  However, the parties did not indicate in the Plea Agreement, or in the anticipated guideline calculations set out in ¶ 6, that there was any expectation that the defendant would be found to be a career offender.

The Presentence Report ("PSR") was docketed on December 4, 2014.  ECF 391.  The PSR reflected a base offense level that took into account the changes to the drug quantity table that went into effect in November 2014.  Thus, the offense would have had a base level of 30.  But, the PSR indicated that, as a result of two prior qualifying predicate offenses, Miles is a career offender.  ECF 391, ¶ 42.  Therefore, his base offense level jumped from 30 to 37.  After three deductions for acceptance of responsibility, Miles's final offense level was a 34.  *See id.* ¶¶ 23, 24.  If Miles were not a career offender, his final offense level would have been a 27.  And, because of the career offender finding, Mr. Miles's criminal history category increased from IV to VI.[2]

The case proceeded to sentencing on March 20, 2015.  *See* ECF 486.  At sentencing, the Court determined that Mr. Miles is a career offender within the meaning of U.S.S.G. § 4B1.1, on the basis of a prior felony conviction for the offense of possession of CDS with an intent to distribute (ECF 391, ¶¶ 31-32), and for the offense of possession of a firearm in furtherance of a drug trafficking crime.  *Id.*, ¶¶ 33-38.[3]  The advisory Sentencing Guidelines Range was calculated at 262 to 327 months' imprisonment.  Nevertheless, the Court sentenced the defendant in accordance with the terms of the C plea, *i.e.*, to the agreed upon term of 120 months' incarceration.  ECF 489.

---

[2] The Statement of Reasons (ECF 490) erroneously specifies a criminal history category of IV, rather than VI.  It is clearly a typographical error.  ECF 490 correctly sets out the guidelines range that corresponds to an offense level of 34 and a criminal history category of VI.

[3] Mr. Miles's conviction for possession of a firearm in furtherance of a drug trafficking crime occurred in case RDB-04-0168.  On May 17, 2005, Miles entered a plea of guilty in that case and Judge Bennett sentenced him on June 1, 2005, to a term of 96 months imprisonment.  The defendant was released on March 2, 2012.  Mr. Miles's conviction in the case at hand resulted in a violation of the terms of his supervised release in Case 04-0168-RDB.  For the violation of supervised release, Judge Bennett imposed a term of 30 months, to run concurrent with the term imposed in ELH-13-0512.  ECF 98.

Mr. Miles noted an appeal to the Fourth Circuit. *See* ECF 488. The Fourth Circuit dismissed the appeal on August 20, 2015 (ECF 534), concluding that Mr. Miles's waiver of appellate rights precluded his appeal. The mandate issued on September 11, 2015. ECF 536.

## II. Discussion

### A.

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack.

The scope of review of non-constitutional error is more limited than that of constitutional error. A non-constitutional error provides a basis for collateral attack only when it involves ""a fundamental defect which inherently results in a complete miscarriage of justice"" or is "inconsistent with the rudimentary demands of fair procedure." *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999); *see United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015).

Under 28 U.S.C. § 2255(b), a hearing is required "[u]nless the motion and the files and records conclusively show that the prisoner is entitled to no relief. . . ." *See*, *e.g.*, *United States v. White*, 366 F.3d 291, 302 (4th Cir. 2004). Courts have determined that a hearing is not necessary where "the motion . . . fail[s] to allege sufficient facts or circumstances upon which the elements of constitutionally deficient performance might properly be found [or] where the defendant has failed to present any affidavits or other evidentiary support for the naked assertions contained in his motion." *United States v. Taylor*, 139 F.3d 924, 933 (D.C. Cir. 1998) (internal quotation

marks and citation omitted); *accord United States v. McGill*, 11 F.3d 223, 225-26 (1st Cir. 1993). On the other hand, a hearing is generally "required when a movant presents a colorable Sixth Amendment claim showing disputed material facts and a credibility determination is necessary to resolve this issue." *United States v. Robertson*, 219 Fed. App'x 286, 286 (4th Cir. 2007); *see also United States v. Ray*, 547 Fed. App'x 343, 345 (4th Cir. 2013).

In reviewing Miles's Petition, the Court is mindful that a self-represented litigant is generally "held to a 'less stringent standard[ ]' than is a lawyer, and the Court must liberally construe his claims, no matter how 'inartfully' pled." *Morrison v. United States*, RDB-12-3607, 2014 WL 979201, at *2 (D. Md. Mar. 12, 2014) (internal citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers"); *Bala v. Commonwealth of Virginia Dep't of Conservation & Recreation*, 532 F. App'x 332, 334 (4th Cir. 2013) (same). Nevertheless, in my view, no hearing is necessary to resolve Miles's claims.

### B.

In his Petition, Mr. Miles argues that his prior conviction of possession of a firearm in furtherance of a drug trafficking crime does not constitute a crime of violence under *Johnson v. United States*, 135 S. Ct. 2551 (2015). Therefore, he complains that he should not have been deemed a career offender.

Notably, "a mistaken career offender designation is not cognizable on collateral review." *Newbold*, 791 F.3d at 459 (citing *United States v. Foote*, 784 F.3d 931, 932-33 (4th Cir. 2015)). In contrast, a defendant may challenge on collateral review an alleged erroneous determination

that he qualifies as an armed career criminal and has thus "'received a punishment that the law cannot impose upon him.'" *Newbold*, 791 F.3d at 460 (citation omitted).

To qualify as a career offender, the offense of conviction must be either a felony crime of violence or a felony controlled substance offense; the defendant was at least eighteen years old when he/she committed the offense; *and* the defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Section 4B1.2(b) of the Guidelines defines "controlled substance offense." It states:

> The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

*Johnson* invalidated the residual clause of the ACCA definition for "violent felony" as unconstitutionally vague. *Id.* at 2558. As explained below, I need not determine whether *Johnson* applies to the federal sentencing guidelines in the context of this case.

The PSR indicates that Miles had two prior qualifying offenses for career offender status. As a result, petitioner's advisory sentencing guidelines range was 262-327 months' of incarceration.[4] However, Miles was not sentenced pursuant to the enhanced guidelines range. Rather, pursuant to the terms of the Rule 11(c)(1)(C) plea, petitioner was sentenced to 120 months' imprisonment — the mandatory minimum.

As indicated, the offense to which the defendant pled guilty carries a mandatory minimum term of ten years imprisonment, *i.e.*, 120 months. *See* 21 U.S.C. § 841(b). Thus, it is

---

[4] If the defendant were not a career offender, he would have had a final offense level of 27 and a criminal history category of IV. This would have corresponded to guidelines of 100 to 125 months' incarceration. Thus, the congressionally mandated minimum sentence of 120 months would have corresponded to a guidelines sentence.

clear that the Court's finding of career offender status did not result in any additional period of incarceration for Miles. Pursuant to the terms of the plea under Rule 11(c)(1)(C), the Court imposed the mandatory minimum term of imprisonment set by Congress, which was well below the advisory sentencing guidelines range.

Therefore, the Supreme Court's recent decision in *Johnson* is of no moment here. Regardless of Mr. Miles's career offender status, the Court was required to impose a sentence of at least ten years. The Court imposed the minimum possible sentence required by law. Accordingly, Miles suffered no prejudice from the enhanced career offender guidelines.

Date: April 5, 2016                               /s/
                                                  Ellen L. Hollander
                                                  United States District Judge