IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES

v.

ANTHONY MILES

Criminal Action No.: ELH-13-512

## MEMORANDUM

On September 30, 2014, Anthony Miles entered a guilty plea to the charge of conspiracy to distribute and possession with intent to distribute one kilogram or more of a substance containing heroin, in violation of 21 U.S.C. § 846.  ECF 351; ECF 352.  At the sentencing held on March 20, 2015 (ECF 486), the Court sentenced Mr. Miles to the statutory, mandatory minimum term of imprisonment of 120 months.  ECF 352 ¶ 3; ECF 489 at 2; ECF 490.

Thereafter, Mr. Miles noted an appeal to the Fourth Circuit.  ECF 488.  His appeal was subsequently dismissed by the Fourth Circuit (ECF 534; ECF 536), pursuant to the government's motion.  *See* ECF 533.

On November 30, 2015, the Clerk received a letter from Mr. Miles, dated November 23, 2015.  ECF 541.  It was docketed as a Motion to Reduce Sentence.  *Id.* In the letter, Mr. Miles asked if he is "entitled to relief under United States v. Johnson because the [prior] conviction is no longer a crime of violent [sic] . . . ."  *Id.* at 1.

On February 4, 2016, the government filed "Government's Motion to Stay Proceedings" (the "Motion to Stay").  ECF 548.  The government indicated in ECF 548 that it construed Mr. Miles's letter of November 23, 2015, as a petition pursuant to 28 U.S.C. § 2255.  *Id.* at 1.

According to the government, "petitioner's allegations implicate *Johnson v. United States*, 135 S. Ct. 2551 (2015)." Therefore, in light of Chief Judge Blake's Standing Order of November 12, 2015, concerning *Johnson* challenges to career offender sentences, the government asked the Court to stay proceedings in this case. *Id.* By Order of February 4, 2016, I granted the Motion to Stay. ECF 549.

On March 1, 2016, the Clerk docketed Mr. Miles's "Response to Gov. Motion to Stay." ECF 551. He stated, *id.* ¶ 3: "Defendant had no intention when drafting his letter to move this Honorable Court under 28 U.S.C. § 2255." By letter of March 2, 2016, I wrote to Mr. Miles (ECF 553), stating, in part, *id.* at 1:

> The Court did not construe your Motion to Reduce Sentence (ECF 541) as a Motion to Vacate filed pursuant to 28 U.S.C. § 2255. However, the government did construe your motion as a § 2255 action in its Motion to Stay Proceedings (ECF 548). Notably, that label does not control your case.

On March 1, 2016, the Clerk also docketed a "Motion Letter" from Mr. Miles, in which he requested the appointment of counsel to permit him to file "a timely Title 28 USC § 2255 [petition] for 'Johnson relief.'" ECF 552. In response, I wrote to the Office of the Federal Public Defender on March 2, 2016, asking that office to advise Mr. Miles as to whether it would enter an appearance on Mr. Miles's behalf. ECF 554.

Notwithstanding the stay (or my letter to Mr. Miles of March 1, 2016, ECF 553), the government filed "Government's Response to Motion to Vacate, Set Aside or Correct Sentence *Pursuant to 28 U.S.C. § 2255*" ("Opposition") (emphasis added). ECF 555. In its Opposition, the government stated that "the Federal Defender's Office has notified this Office that they will not represent the Petitioner." *Id.* at 4. The government did not address the stay or the issue of

whether Mr. Miles's submission in ECF 541 constituted a motion for reduction of sentence or, instead, a § 2255 petition.

Mr. Miles did not respond to the government's Opposition (ECF 555).  Therefore, on April 5, 2016, a month after the government filed its Opposition (ECF 555), and having received no objection or response to it from Mr. Miles, I issued a Memorandum (ECF 557) and Order (ECF 558), in which I construed Mr. Miles's letter of November 23, 2015 (ECF 541) as a petition pursuant to § 2255.  And, I denied the petition.

On April 28, 2016, the Clerk docketed a "Motion" from Mr. Miles, filed pursuant to Fed. R. Civ. P. 59(e), seeking to alter or amend the Court's Order of April 5, 2016.  ECF 559.  Mr. Miles avers that the Court erred in construing his letter of November 23, 2015 (ECF 541) as a petition pursuant to § 2255, without prior notice.  By Order of April 29, 2016, I directed the government to respond to Mr. Miles's Motion to Alter or Amend.  ECF 560.

The government responded to ECF 559 by letter dated April 29, 2016.  ECF 561. Although the government had previously opposed what it had characterized as a § 2255 petition (ECF 555), the government said, ECF 561 at 1: "It is the government's position that Petitioner's motion (ECF 541) should not count as a § 2255 motion for purposes of applying § 2255's 'second or successive' provision because Petitioner was not provided an opportunity to withdraw his motion upon learning that the motion was recharacterized as a § 2255 [petition].  *See Castro v. United States*, 540 U.S. 375, 377 (2003)."  In *Castro*, the Supreme Court said, *id.*: "[T]he court cannot . . . recharacterize a pro se litigant's motion as the litigant's first § 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the

recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing."

I agree with both parties.  In light of the foregoing, I shall grant Mr. Miles's Motion (ECF 559).  Therefore, Mr. Miles's correspondence of November 23, 2016 (ECF 541) shall **not** be deemed a first petition under 28 U.S.C. § 2255.  Moreover, I shall vacate my Memorandum (ECF 557) and Order (ECF 558) of April 5, 2016, because I erroneously analyzed ECF 541 as if it were a § 2255 petition.

As set out in the Order that follows, Mr. Miles will be directed to advise the Court whether he wishes to withdraw or amend ECF 541.  And, the government shall be directed to respond to ECF 541 as a motion to reduce sentence, rather than a § 2255 petition.

A separate Order follows, consistent with this Memorandum.


Date: May 5, 2015                                  _____/s/_____
                                                   Ellen Lipton Hollander
                                                   United States District Judge