

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

October 5, 2016

MEMORANDUM TO ANTHONY MILES (BY U.S. MAIL) AND
ASSISTANT UNITED STATES ATTORNEY DEBRA DWYER (BY CM/ECF)

Anthony Miles (USMS No. 41803-037)
FCI Hazelton
P.O. Box 5000
Bruceton Mills, WV 26525

> Re:   *United States v. Anthony Miles*
>       Criminal Action No. ELH-13-0512
>       Civil Action No. ELH-16-2479

Dear Mr. Miles and Ms. Dwyer:

As you know, Mr. Miles has filed various post-conviction motions since late 2015, in connection with the Judgment entered on March 20, 2015 (ECF 489). *See, e.g.,* ECF 541; ECF 548; ECF 559. On July 5, 2016, Mr. Miles filed a motion to vacate, set aside, or correct his conviction under 28 U.S.C. § 2255 (ECF 568, the "Petition"). He claims he is entitled to relief pursuant to *Johnson v. United States*, ____ U.S. ____, 135 S. Ct. 2551 (2015). *Id.* Mr. Miles asserts: "The District Court's determination that Movant is a career offender relies on def[i]nitions and information so vague that [the] Constitution's prohibition of vague criminals laws [sic] is violated." *Id.* at 2.

In an Order of July 6, 2016 (ECF 569), I directed the government to respond to the Petition within 60 days. *Id.* The government filed its response well before that deadline, on July 19, 2016. ECF 570.

Thereafter, on July 28, 2016, the Clerk docketed correspondence from Mr. Miles, in which he requested that his case be held in abeyance until November 18, 2016, because, among other things, he intended to supplement the Petition on grounds other than *Johnson*. ECF 571. By Order of July 29, 2016 (ECF 572), I granted Mr. Miles's request for an extension. *Id.* I also stated that, by August 12, 2016, the government could move to rescind the Order as improvidently granted. *Id.*

In a submission docketed on August 4, 2016, the government asked the Court to rescind the extension. *See* ECF 573. The government argued, *inter alia*: "Pursuant to 28 U.S.C. § 2255(f)(3), a 1-year statute of limitations runs from 'the date on which the right asserted was initially recognized by the Supreme Court.' The Supreme Court issued its opinion in *Johnson* on June 26, 2015; therefore, the deadline for § 2255 motions filed pursuant to *Johnson* was June 26, 2016." *Id.* at 2. Accordingly, the government claimed that Mr. Miles "had an *entire year* from June 26, 2015 to research, write, and file a Motion to Vacate pursuant to *Johnson.*" *Id.* at 4 (emphasis in original).

Nevertheless, the government conceded that "Petitioner's one-year limitation period to file a §2255 claim began on November 18, 2015 and runs until November 18, 2016." *Id.* at 3-4. But, it argues, *id.* at 4:

> [T]his calculation does not change the fact that the deadline for any *Johnson*-related § 2255 motion was June 26, 2016 – one year from 'the date on which the right asserted was initially recognized by the Supreme Court.' 28 U.S.C. § 2255(f)(3). Therefore, when Petitioner filed a Motion to Vacate pursuant to § 2255 on July 5, 2016, the one-year clock from November 18, 2015 became moot and any subsequent amendments are rightfully considered supplemental to his Motion to Vacate.

On August 25, 2016, the Clerk docketed correspondence from Mr. Miles, in which he stated that he is preparing a response to the government's opposition to the stay. ECF 574. On August 29, 2016, Mr. Miles filed a motion seeking an award of expenses and sanctions against

Debra L. Dwyer, Assistant United States Attorney, and the government, alleging a violation of Fed. R. Civ. P. 11(b). ECF 575.

In light of the government's opposition to the lengthy extension to supplement the § 2255 Motion (ECF 573), I entered an Order on September 1, 2016 (ECF 577), shortening the extension by a few weeks. I directed Mr. Miles to submit his supplement by October 24, 2016, rather than November 18, 2016. *Id.* I also denied Mr. Miles's motion (ECF 575) for an award of expenses and sanctions against Ms. Dwyer and the government. *Id.*

On September 26, 2016, the clerk docketed a Reply from Mr. Miles, addressing the government's opposition to the original extension. ECF 578. Mr. Miles asserted, *inter alia*, that his grounds for a stay "were, and are, obstructed court-access, specifically (1) the severely limited access to FCI Hazelton's legal research and document preparation facilities (i.e. inadequate time); (2) the facilities content inadequacy (i.e. no treatise on contract law or Md. State law); and (3) the government's (i.e. counsel's) exploitation of the above court access obstructions, including [his] time lost responding to frivolous filings." *Id.* ¶ 34.

By Order of October 3, 2016, (ECF 579), I declined to extend the deadline from October 24, 2016 to November 18, 2016. *Id.* I concluded that Mr. Miles has been on notice of the government's response to his Petition (ECF 570) since July 2016. *See* ECF 579. I also determined that Mr. Miles had not persuaded me of the need for the prolonged extension. *Id.*

On October 5, 2016, the clerk docketed Mr. Miles's "Objections" (ECF 581) to the Court's Order of September 1, 2016 (ECF 577). Among other things, Mr. Miles said, *id.* ¶ 3:

> 3.) I object to the Court's ruling that all claims are 'now due by October 24, 2016, instead of November 18, 2016.' (577 at 2) on the grounds that the ruling constitutes an ABUSE of DISCRETION and DENIES me the Congressional mandated one year (as calcu[la]ted by the Supreme Court) in which to bring my claims under § 2255 against the entered judgment (ECF No. 489).

Mr. Miles also argued, *id.* ¶¶ 4, 5:

4.) Title 28 U.S.C. § 2255(f) prescribes "[a] 1-year period of limitation shall Apply" (*id.*) and this Court lacks the authority to deny me the use of the entire statutory time limit.

5.) The government concedes [sic] that, calculated in accordance with binding Supreme Court authority, my § 2255(f) filing deadline is November 18, 2016, see ECF No. 573 at 3-4.

In addition, Mr. Miles objected "to the Court's DENIAL of [his] Rule 11(b) motion (ECF No. 575) for sanctions on grounds that [he] was not afforded a meaningful opportunity to brief the Court concerning the merits of [his] position." *Id.* ¶ 4.

Notably, Mr. Miles seeks to supplement his *Johnson* Petition "to include additional grounds for relief outside of Johnson." ECF 571, ¶ 8. The Fourth Circuit entered judgment as to Mr. Miles's appeal on August 20, 2015. *United States v. Miles*, 15-4183 (4th Cir. Aug. 20, 2015), Doc No. 31-2; *see also* ECF 534. The Mandate issued on September 11, 2016. Doc No. 33; *see also* ECF 536. And, Mr. Miles did not seek further review by filing a petition for a writ of certiorari to the Supreme Court of the United States. Therefore, as to non-*Johnson* claims, Mr. Miles's one-year limitations period, as prescribed by 28 U.S.C. § 2255(f), began to run on November 18, 2015, and expires on November 18, 2016. *See Clay v. United States*, 537 U.S. 522, 532 (2003) (stating that "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires"); Sup. Ct. Rule 13.1 (requiring petition for a writ of certiorari to be filed within 90 days of entry of judgment from which review is sought).

The government provides no support for its claim that "when Petitioner filed a Motion to Vacate pursuant to § 2255 on July 5, 2016, the one-year clock from November 18, 2015 became moot." ECF 573 at 4. Accordingly, after consideration of Mr. Miles's objections, I agree that,

- 4 -

as to any non-*Johnson* claims, by statute, **Mr. Miles would have until November 18, 2016**, to supplement his Petition.  Therefore, I shall vacate ECF 577, but only as to the portion of the Order concerning the extension.

As to the remainder of ECF 577, Mr. Miles has not provided any justification for his objection to my denial of his Motion for Sanctions under Rule 11(b) (ECF 575).  Moreover, when he filed the Motion for Sanctions (ECF 575), he did not indicate any need for additional briefing on the issue.  In any event, there is no basis for sanctions.  Accordingly, I decline to reconsider my Order (ECF 577) as to the denial of Mr. Miles's motion for an award of expenses and sanctions against Ms. Dwyer and the government.

Despite the informal nature of this Memorandum, it is an Order of the Court, and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge